[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-2227

MICHAEL ELBERY,

Plaintiff, Appellant,

v.

BRADFORD LOUISON,

Defendant, Appellee.


ROBERT BREEN, JAMES HURLEY, ROBERT MCGUINLEY, JAMES SAMPSON,
CHESTER GUS JOHNSON AND TOWN OF SHREWSBURY,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Michael Elbery on brief pro se.
Douglas I. Louison and Merrick, Louison & Costello on brief
for appellee Bradford N. Louison.

December 15, 1999

Per Curiam. Appellant Michael Elbery appeals from the
district court's grant of summary judgment in favor of appellee
Bradford N. Louison, as well as from the district court's denial of
appellant's request, made under Fed. R. Civ. P. 56(f), to conduct
further discovery and the district court's entry of separate
judgment in favor of Louison under Fed. R. Civ. P. 54(b). We
affirm the latter two decisions of the district court for the
reasons set out in the magistrate judge's Findings and
Recommendation, dated August 12, 1998, and the district judge's
Order, dated February 17, 1999. As for the grant of summary
judgment, we agree with the reasoning of the district court as set
out in the Findings and Recommendation. We add only the following
comments.
Even assuming, without deciding, that appellant was
investigated as a suspect in the E-Z Mini Storage fire, we do not
believe that he has presented sufficient facts to show that Louison
ever agreed with the Shrewsbury police to engage in this
investigation or to engage in a frame-up of appellant. This, of
course, is fatal to appellant's claim. That is, he only has sued
Louison as a conspirator.
Specifically, in his affidavit in opposition to summary
judgment, appellant avers, at most, that Louison knew that
appellant was an arson co-defendant, along with Robert Breen. 
However, the mere knowledge that appellant was being investigated
for the E-Z Mini Storage arson just does not support an inference
that Louison had any part in the investigation or even agreed with
the police that they should conduct such an investigation. 
Significantly, appellant has presented no evidence concerning
Louison's relationship with any Shrewsbury police officer and no
evidence regarding any contacts Louison had with the Shrewsbury
police. The fact that Louison was representing the police is
insufficient, standing alone, to require a factfinder to decide
whether Louison was involved in a conspiracy with the police.
This leaves appellant's contention that certain police
documents were falsified. First is appellant's allegation that the
IOU was forged and that Louison must have been involved in the
forgery because he was the only one of the Shrewsbury defendants
who had access to a piece of paper with appellant's fingerprints on
it. Even assuming the forgery of the IOU (which, we think, is
quite a leap), the inference that Louison obtained the paper for
this nefarious undertaking is pure speculation and conjecture,
unsupported by anything concrete. As we have stated, "[w]hile the
summary judgment mantra requires us to draw every reasonable
inference in favor of the nonmoving party, inferences, to qualify,
must flow rationally from the underlying facts; that is, a
suggested inference must ascend to what common sense and human
experience indicates is an acceptable level of probability." 
National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 743 (1st
Cir. 1995). Here, the probability that Louison provided the police
with a piece of paper to forge the IOU is practically nil.
Next, appellant contends that the August 1994 Investigation
and Incident Reports which discuss Breen as a suspect (Exhibits A
and I) and the Property Detail Listing (Exhibit H) were fabricated
and that Louison knew, or should have known, of the fabrication. 
In support of the inference that Exhibits A and I were fabricated,
appellant states that (1) he never had heard of a suspect named
Breen, (2) the police, in 1994, were investigating the manager of
E-Z Mini Storage as the arsonist, and (3) the reports never were
produced during discovery in appellant's 1994 criminal prosecution
on the gun charges. We do not think that these facts, viewed in
the light most hospitable to appellant, are sufficient to enable a
finding favorable to appellant on the question of Louison's
involvement in a plan to fabricate. See Euromotion, Inc. v. BMW of
North America, Inc., 136 F.3d 866, 869 (1st Cir. 1998). Rather,
the only inference this evidence supports is that appellant was not
aware of all of the facts surrounding the arson investigation until
1997, when he received discovery in the Sklut case.
As for Exhibit H (the Property Detail Listing), appellant, in
his affidavit, reports Louison as saying that he (Louison) "will
have to go to the court and report this (Ex. H) pleading if you are
going to sue me. I will have to retract that report (Ex. H) if
your [sic] going to do this." See Appellant's Affidavit, 26. 
The first difficulty we see with this alleged statement is that,
since the reference to Exhibit H is in parentheses, it is
questionable whether Louison was, in fact, even referring to
Exhibit H, or whether the reference was added by appellant. If the
latter, there is no specific evidence that the document Louison
stated he would have to retract was Exhibit H. In any event, even
assuming Louison was referring to Exhibit H, the above statement
does not support the inference that he wanted to retract Exhibit H
because it had been falsified; rather, Louison gives no reason for
the need for retraction. There thus is insufficient basis for a
factfinder to find that Louison was involved in a plan to falsify
evidence.
The judgment of the district court is affirmed. Appellant's
motion to amend the record is denied.